**UNITED STATES of America, Plaintiff,**

v.

**Thomas RANSOM, Defendant.**

**No. 00–40003–01–SAC.**

United States District Court,
D. Kansas.

May 17, 2000.

Gregory G. Hough, Office of United States Attorney, Topeka, KS, for plaintiff.

Marilyn M. Trubey, Office of Public Defender, Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court on the defendant's motion in limine. (Dk.45). The defendant seeks an order that directs the prosecutor and/or government witnesses from mentioning or otherwise referring to:

(1) the investigation and search of Mr. Ransom's residence in February of 1995, including the items seized during that search;

(2) photographs, video tapes, and other items seized during the search of Mr. Ransom's residence on October 21, 1999, which are not related to the charges contained in the indictment;

(3) alleged pipe bombs, blasting caps, and explosive materials seized during the search the Mr. Ransom's residence and garage on October 22, 1999;  and

(4) allegations that Mr. Ransom and/or his friends offered money for Ms. Erichsen to be harmed, and were seeking her whereabouts.

In response, the government states that it does not intend to offer in its case-in-chief the evidence described in (1), (2), and (3), with one limited exception under (2) regarding videotape and photographs taken of Ms. Erichsen "in sexually compromising positions." (Dk. 49, at p. 3). Thus, the court denies the motion as moot on the evidence described in (1), (2), and (3). In doing so, the court also orders that the government's counsel shall not mention or refer to such evidence in statements, arguments, or questions and its witnesses shall not mention or allude to this evidence without the government's counsel first approaching the bench and informing the court and defense counsel of the matters to be discussed and the grounds for doing so.

### Videotapes and Photographs of Ms. Erichsen.

■ The government argues this evidence is relevant in impeaching Ms. Erichsen if she continues to deny the presence of the firearm during the drug transactions. According to the government, the evidence will show that Ms. Erichsen told officers after each drug buy that she observed a weapon in the defendant's residence and that Ms. Erichsen repeated this same observation to them and to the government's counsel prior to Detective Gregoire testifying before the grand jury. At the motions hearing held on April 6, 2000, Ms. Erichsen testified denying that she told the government's counsel that she had seen weapons at the defendant's residence during the two controlled drug buys. The government represents that after the motions hearing, Ms. Erichsen has made statements to Detective Gregoire "which appear to indicate that she was suffering from fear of the defendant and of the defendant disclosing the nature and substance of the aforementioned videotapes of her in defendant's possession." (Dk. 49, at p. 4).

The court sees the relevance in proving that Ms. Erichsen knows the defendant to possess or to have possessed photographs and/or videotapes containing images of her that would be embarrassing and damaging to

her reputation if publicly disclosed. Such evidence would be relevant for the government in impeaching Ms. Erichsen if she continues to deny the presence of a gun during the drug transactions **or** in rehabilitating Ms. Erichsen if the defendant impeaches her with her testimony given at the motions hearing. The court finds that the prejudice from this evidence does not substantially outweigh its probative value. Because the probative value of this evidence relates to Ms. Erichsen knowing the defendant to have this videotape and to the effect that this knowledge may have or may have had on Ms. Erichsen's testimony, there is little additional probative value to the photographs and/or videotapes actually being introduced into evidence in this case and much greater potential for unfair prejudice to the defendant. Consequently, the court will restrict the government to discussing her knowledge of these photographs and/or videotapes, of the defendant's possession of the same, and of the possible humiliation and embarrassment to her if these were publicly disclosed. However, if Ms. Erichsen denies knowledge of the photographs and/or videotapes or of the defendant's possession of the same or if there a legitimate issue regarding the embarrassment or humiliation that Ms. Erichsen might experience, then the court may reconsider this restriction on the introduction of the actual photographs and/or videotapes.

### Alleged Offers of Money for Ms. Erichsen to be Harmed.

■ The government argues this evidence is relevant in impeaching Ms. Erichsen if she continues to deny the presence of the firearm during the drug transactions and in showing the defendant's consciousness of guilt. According to the government, officers on this case learned from a fellow officer and a confidential informant that the defendant and/or his friends had offered money for Ms. Erichsen to be harmed and that they were looking for her. The government says it will show Ms. Erichsen was told of this information shortly after the grand jury proceedings.

The court sees the relevance in proving that after the grand jury proceedings and

prior to the motions hearing Ms. Erichsen learned from the government that the defendant and/or his friends were offering money for her to be harmed and were seeking her whereabouts. Such evidence would be relevant for the government in impeaching Ms. Erichsen if she continues to deny the presence of a gun during the drug transactions or in rehabilitating Ms. Erichsen if the defendant impeaches her with her testimony given at the motions hearing. The court finds that the prejudice from this evidence does not substantially outweigh its probative value and that the prejudice can be minimized by a limiting instruction which the court would consider giving if tendered by the parties. To insure the effectiveness of any limiting instruction, the court will not allow the government to mention or allude to this evidence in its opening statement.

■ There are several troubling issues with the government's argument for admitting this evidence on the alternative ground that it proves the defendant's consciousness of guilt. Of foremost concern is how the government proposes to prove through admissible evidence that the defendant himself or the defendant's friends acting with the defendant's knowledge and consent actually offered money for someone to harm Ms. Erichsen. The court will not consider admitting this evidence on this alternative ground until after it hears a full proffer from the government, including the manner of proving such an offer to pay through admissible evidence and the defendant's connection to any such offer. For these reasons, the court grants the defendant's motion on this evidence insofar as the government seeks to offer it to prove or argue that it proves the defendant's consciousness of guilt. If at trial the government still intends to offer or argue the evidence for this additional purpose, the government will first approach the bench and proffer the matters as here discussed.

### Evidence of the Defendant's Prior Drug Use and Drug Trafficking.

Based on the government's representation that it did not intend to offer any evidence against the defendant pursuant to Rule 404(b), the court denied as moot the defendant's pretrial motion for Rule 404(b) disclosure. (Dk.35). Because the government had not fully proffered Ms. Erichsen's testimony, because the government denied any Rule 404(b) purpose for offering this evidence, and because the defendant had not filed a motion in limine, the court did not decide in that order whether her testimony was intrinsic evidence or 404(b) evidence. At the status conference, the government agreed that there would be no mention or reference to this evidence without first approaching the bench and receiving a ruling from the court on the admissibility of this evidence.

IT IS THEREFORE ORDERED that the defendant's motion in limine. (Dk.45) is denied in part as moot because the government does not intend to offer in its case-in-chief any evidence from the investigation and search of Mr. Ransom's residence in February of 1995 including the items seized during that search, any evidence of alleged pipe bombs, blasting caps, and explosive materials seized during the search the Mr. Ransom's residence and garage on October 22, 1999, and any evidence of photographs, video tapes, and other items seized during the search of Mr. Ransom's residence on October 21, 1999, which are not related to the charges contained in the indictment and which do not contain images of Ms. Erichsen;

IT IS FURTHER ORDERED that the defendant's motion in limine (Dk.45) is denied as to evidence that Ms. Erichsen knew the defendant possessed or had possessed photographs and/or videotapes containing images of her that would be embarrassing and damaging to her reputation if publicly disclosed, but the motion is granted as to the actual photographs and/or videotapes containing images of Ms. Erichsen, subject to reconsideration by the court;

IT IS FURTHER ORDERED that the defendant's motion in limine (Dk.45) is denied as to evidence intended to prove that Ms. Erichsen learned from the government that the defendant and/or his friends were

offering money for her to be harmed and were seeking her whereabouts, but it is granted as to this same evidence being offered to prove the defendant's consciousness of guilt, subject to reconsideration by the court.